**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4146**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEXTER LAVERNE CHANCE, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:15-cr-00081-H-1)

Submitted: July 19, 2017                        Decided: August 1, 2017

Before FLOYD, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dexter Laverne Chance, Jr., appeals from the criminal judgment imposed after he pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to 48 months in prison. Chance asserts only that his sentence must be vacated because his base offense level should not have been enhanced under *U.S. Sentencing Guidelines Manual* (USSG) § 2K2.1(a)(4)(A) (2015). We disagree.

We review a sentence for reasonableness, using an abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires this court to ensure that the district court committed no significant procedural error. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the [Sentencing] Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

When, as here, a party repeats on appeal a claim of procedural sentencing error that it has made before the district court, we review for abuse of discretion. *See United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). If we find such abuse, we must reverse unless we determine that the error was harmless. *Id.* "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, this Court reviews the district court's legal conclusions de novo and its

2

factual findings for clear error." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (internal quotation marks, brackets and italics omitted).

Section 2K2.1(a)(4)(A) of the Guidelines provides for a level 20 base offense level "if the defendant committed any part of the instant offense subsequent to sustaining at least one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A). A "felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year," and a "crime of violence" has "the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1 cmt. n.1.

Under the version of USSG § 4B1.2(a) in effect at the time of Chance's sentencing,[*] a "crime of violence" was defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause), or "is burglary of a dwelling, arson, or extortion, involves use of explosives" (the enumerated offenses clause), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). USSG § 4B1.2(a)(1)-(2). We conclude that Chance's prior North Carolina conviction for common law robbery was properly considered a crime of violence under USSG § 4B1.2(a)(2). *Cf. United States v. Jarmon*, 596 F.3d 228, 230–33 (4th Cir. 2010) (holding that North Carolina conviction for larceny from the person—which is a lesser

_____

[*] Chance was sentenced on February 10, 2016, when the 2015 version of the Guidelines was in effect.

3

included offense of common law robbery—was a "crime of violence" under USSG § 4B1.2(a)(2) residual clause).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*